UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

RENELIO PEREZ and OLD MUSIC LIVE,

      Plaintiffs,

 -v-                                           No.  24-CV-1965-LTS

RAÚL ALEJANDRO OCASIO RUIZ p/k/a
RAUW ALEJANDRO, and DOES 1-10,

      Defendants.

-------------------------------------------------------x

## Memorandum Opinion and Order

Renelio Perez ("Perez") and Old Music Live (collectively, "Plaintiffs") bring this action against Raúl Alejandro Ocasio Ruiz ("Alejandro" or "Defendant") and 10 defendants whose identities are yet unknown to Plaintiffs (the "Doe Defendants"), asserting claims for defamation, defamation per se, and tortious interference with prospective business relations. (Docket entry no. 17 ("FAC").)  The Court has jurisdiction of this action pursuant to 28 U.S.C. section 1332.

Pending before the Court is Defendant Alejandro's motion to dismiss the operative First Amended Complaint ("FAC") for lack of personal jurisdiction (docket entry no. 18 ("Motion to Dismiss")), and Plaintiffs' cross-motion to transfer venue to the United States District Court for the District of Puerto Rico ("District of Puerto Rico").  (Docket entry no. 21 at 1 ("Motion to Transfer").)  The Court has carefully reviewed the parties' submissions and, for the following reasons, the Court grants Plaintiffs' Motion to Transfer and does not address Defendant's Motion to Dismiss.

### Background

The following facts are drawn from Plaintiffs' FAC.  Perez is an Italian citizen

domiciled and residing in Switzerland. (FAC ¶ 1.) Perez is an established concert promoter who has worked to promote and produce European concerts by renowned musical artists via his entertainment companies, including Old Music Live, which Perez founded and owns. (Id. ¶¶ 6, 9.) Perez's reputation in the concert and music industry is well known abroad, including in the United States and the State of New York. (Id. ¶ 9.)

In 2023, Defendant Alejandro, an influential and renowned Latin and Reggaeton artist known professionally as "Rauw Alejandro," agreed to perform a series of concerts in Europe, including a show at the Hallenstadion in Zurich, Switzerland (the "Hallenstadion Show"). (Id. ¶¶ 12-16.) The Hallenstadion Show was eventually cancelled due, according to Plaintiffs, to a "persistent lack of communication and documentation by Defendant and his team[.]" (Id. ¶¶ 18-26.) On September 29, 2023, Plaintiffs announced the cancellation of the Hallenstadion Show on social media, explaining that the show, which had been planned for September 30, 2023, could not go forward because "[t]he production equipment will not arrive on time due to problems with the customs clearance documents." (Id. ¶ 30; see also id. at 25 ("Exhibit 1").)

Shortly thereafter, Alejandro re-posted the announcement to his own social media page, with a drawn arrow pointing to Old Music Live's social media handle, a "thumbs down" emoji, and the following text: "Mi gente de Zurich cuidado con estos promotores. Yo siempre ando ready para cantar. Pidanle el dinero de vuelta, y tmbn pueden exigir mas! No se dejen de nadie." (FAC ¶ 33; see also id. at 26 ("Exhibit 2").) Plaintiffs' English translation of the text reads: "My people of Zurich, be careful with these promotors. I am always ready to sing. **Ask for a refund and you can also ask for more! Don't let anyone take advantage of you.**" (FAC ¶ 33 (emphasis in original).) Plaintiffs allege that this "comment and call to action clearly

reference Plaintiffs Perez and [Old Music Live], as the promoter and organizer of the Hallenstadion Show," and were "inaccurate, defamatory, and unnecessarily inciteful[,]" constituting defamation and defamation by implication. (Id. ¶¶ 34-35.) Plaintiffs further allege that Alejandro's "defamatory conduct unleashed a <u>barrage of backlash, hate, and accusations</u> against Plaintiffs and caused significant interference with numerous prospective business opportunities in the entertainment and concert business." (Id. ¶ 37 (emphasis in original.)

Plaintiffs initiated the instant action on March 15, 2024, asserting claims for defamation, defamation per se, and tortious interference with prospective business relations. (Docket entry no. 1 ("Complaint").) On June 11, 2024, the Court dismissed the Complaint <u>sua sponte</u> on subject matter jurisdiction grounds. (<u>See</u> docket entry no. 14 (dismissing without prejudice Plaintiffs' Complaint for failing to properly plead the existence of diversity of citizenship where Complaint lacked allegations concerning the citizenship of Old Music Live, an LLC).) On July 10, 2024, Plaintiffs filed the operative FAC, remedying the jurisdictional deficiency identified in the Court's June 2024 order. Defendant thereafter filed the pending Motion to Dismiss, accompanied by a declaration from Alejandro concerning his residency in Puerto Rico and asserted lack of contacts with New York State. (Motion to Dismiss; docket entry no. 20 ("Alejandro Decl.").) In response, Plaintiffs filed the Motion to Transfer. On December 4, 2024, this case was reassigned to the undersigned. The Motions are now fully briefed.

DISCUSSION

<u>Motion to Transfer</u>

Alejandro asserts, and Plaintiffs do not dispute, that this Court lacks personal jurisdiction over Alejandro, a resident of Puerto Rico, and that venue is improper in this District,

as "[n]o defendant resides here, [and] none of the alleged events or impact have anything to do with New York." (See docket entry no. 19 ("Def. MTD Mem.") at 2-12; Alejandro Decl.; docket entry no. 21 ("Pls. MTV/MTD Opp. Mem.") at 9-10 ("Plaintiffs will . . . accept as true Defendant's sworn statements and representations set forth in the Declaration; specifically, Defendant's representations and statements regarding his limited contacts with the State of New York and his residency in Puerto Rico.").) Plaintiffs accordingly move to transfer venue to the District of Puerto Rico pursuant to 28 U.S.C. sections 1406(a). (Motion to Transfer; Pls. MTV/MTD Opp. Mem. at 9-10.)

Pursuant to 28 U.S.C. section 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C.A. § 1406(a). Under this provision, a district court is vested with the authority to order a case transferred, even where the court lacks personal jurisdiction over one or more defendants.[1] SongByrd, Inc. v. Grossman, 206 F.3d 172, 179 n.9 (2d Cir. 2000) (citing, inter alia, Goldlawr, Inc. v. Heiman, 369 U.S. 463, 466 (1962)). Among the relevant factors for a court to consider in deciding whether a transfer would be "in in the interest of justice" are (1) whether the claim would be clearly meritless "in the court that has jurisdiction . . . over it," i.e., the transferee court, and (2) a plaintiff's diligence in choosing the proper forum. Daniel v. Am. Bd. of Emergency Med., 428 F.3d 408, 436 (2d Cir. 2005) (citation and internal quotation marks omitted); Spar, Inc. v. Info. Res., Inc., 956 F.2d 392, 394 (2d Cir. 1992). Another "compelling reason" for

---

[1] As noted in the parties' briefing (Pls. MTV/MTD Opp. Mem at 10; docket entry no. 23 ("Def. MTV Opp. Mem.") at 2), 28 U.S.C. section 1631 also authorizes transfer of venue where a court in which the case was filed is in "want of jurisdiction," if such transfer "is in the interest of justice."

transfer is generally acknowledged when a plaintiff's case, if dismissed, would be time-barred upon refiling in the proper forum. Daniel, 428 F.3d at 436 (citations omitted); Corke v. Sameiet M.S. Song of Norway, 572 F.2d 77, 80 (2d Cir. 1978) (explaining that an "important purpose" of a §1406(a) transfer is to "alleviat[e] the burden" of statutes of limitations acting as "procedural obstacles" to hearing a case on the merits (citations omitted)).

Having weighed these factors, the Court concludes that transfer of this case to the District of Puerto Rico would be in the interest of justice. Defendant does not dispute that this action could properly have been brought in the District of Puerto Rico, based upon Defendant's domicile and residence in Puerto Rico. Unlike this Court, the District of Puerto Rico could exercise general personal jurisdiction over Alejandro, consistent with due process. See Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915, 924 (2011) ("For an individual, the paradigm forum for the exercise of general [personal] jurisdiction is the individual's domicile[.]"). Venue would also be appropriate, if not under 28 U.S.C. section 1391(b)(2), then under section 1391(b)(3). See 28 U.S.C. § 1391(b)(3) ("A civil action may be brought . . . if there is no district in which an action may otherwise be brought as provided in this section, [in] any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.").

Moreover, each of the additional relevant factors weighs in favor of transferring this case to the District of Puerto Rico. The first factor, whether a claim is clearly meritless, largely traces back to an opinion written by Judge Posner in the case of Phillips v. Seiter, 173 F.3d 609 (7th Cir. 1999). See, e.g., Daniel, 428 F.3d at 435-36 (citing Phillips, 173 F.3d at 610-11). In that case, Judge Posner reasoned that, although it "may seem paradoxical to suggest that a court that lacks jurisdiction over a case can examine the merits of the case[,]" the limited

statutory jurisdiction conferred on federal courts "to decide whether to transfer or dismiss cases over which they lack jurisdiction to adjudicate fully . . . creates a power of limited review of the merits." Phillips, 173 F.3d a 610-11. Where such "limited review"—a "peek at the merits"—reveals that a case is a "sure loser," "then the court in which it is initially filed . . . should dismiss the case rather than waste the time of another court."[2] Id.

        Relying on such reasoning, the Phillips Court found that dismissal, rather than transfer, was appropriate, because the statute of limitations had already expired at the time the cases at issue on that appeal were originally filed. Id. The Second Circuit has similarly found dismissal appropriate where, for example, plaintiffs seeking transfer lacked standing to pursue their claims, Daniel, 428 F.3d at 436, and where a plaintiff had "plainly failed" to allege a necessary element of his due process claim, and amendment of such claim would be futile, Adeleke v. United States, 355 F.3d 144, 151-53 (2d Cir. 2004) (finding that appellant had not and could not demonstrate a property right to government insurance of property seized incident to his arrest).

        The Court finds that here, unlike in Phillips and the other cases discussed in the preceding paragraph, there are no such clear deficiencies on the face of the FAC that would weigh against transfer of this case. Resolution of Plaintiffs' claims would therefore require more than a "peek at the merits," and, as Plaintiffs note, a more in-depth review of Defendant's arguments on the merits, where Defendant has not consented to personal jurisdiction, would

---

[2] While Phillips examined the Court's authority to conduct a limited review of the merits in the context of a transfer under 28 U.S.C. section 1631, Phillips 173 F.3d at 610-11, the Second Circuit has since applied the reasoning of Phillips to transfers under 28 U.S.C. section 1406(a). See Daniel, 428 F.3d at 435-36.

plainly be inappropriate.³ (See Def. MTV Opp. Mem. at 4 ("If this Court agrees with Alejandro, the case should be dismissed not only for lack of personal jurisdiction but also for failure to state a claim upon which relief may be granted."); docket entry no. 24 ("Pls. MTV Reply Mem.") at 7-8 ("Defendant is effectively arguing that this Court lacks jurisdiction over the claims at dispute herein <u>while simultaneously demanding</u> that this Court adjudicate the merits of the case and find in his favor." (emphasis in original)).)

Turning to the next factor, Plaintiffs' diligence in choosing the proper forum, it does not appear from the record that Plaintiffs "knowingly file[d] a case in the wrong district," or otherwise engaging in improper or dilatory tactics by filing in this District. <u>Spar, Inc.</u>, 956 F.3d at 394 (quoting <u>Dubin v. United States</u>, 380 F.2d 813, 816 n.5 (5th Cir. 1967)). Plaintiffs filed their initial complaint on March 15, 2024, predicating venue and personal jurisdiction on their allegations that the effects of Defendant's purported defamatory and tortious conduct would be felt in New York and that a substantial part of the events or omissions giving rise to the claims occurred within this District. (Docket entry no. 1 ("Complaint") ¶¶ 6-7.) On June 7, 2024, Defendant moved to dismiss on grounds substantially similar to those raised in the currently

---

³ The Court notes that the parties have premised their merits arguments on the law of New York state, rather than the law of Puerto Rico, the latter of which would determine the relevant body of law applicable to Plaintiffs' claims and potentially Plaintiffs' entitlement to relief on the merits. See <u>Gerena v. Korb</u>, 617 F.3d 197, 204 (2d Cir. 2010) (explaining that, in cases transferred for improper venue or lack of jurisdiction, the transferee court "logically applies the law of the state in which it sits, since the original venue, with its governing laws, was never a proper option" (citations omitted)); <u>Liberty Synergistics Inc. v. Microflo Ltd.</u>, 718 F.3d 138, 153 (2d Cir. 2013) ("[A] federal court exercising diversity jurisdiction generally must apply the choice-of-law rules of the state in which the court sits." (citation omitted)). Although Plaintiffs summarily assert that "the District of Puerto Rico's defamation laws and the application thereof . . . are identical in both the Southern District of New York and the District of Puerto Rico" (Pls. MTV Reply Mem. at 6), Defendant has not had the opportunity to respond to this assertion, nor have the parties engaged in a choice-of-law analysis to determine which body of law would govern Plaintiffs' claims upon transfer.

pending Motion to Dismiss, including improper venue and lack of personal jurisdiction. (See docket entry nos. 10, 11.) Following the Court's sua sponte dismissal of this case on June 11, 2024, Plaintiffs filed the operative FAC on July 10, 2024. (See docket entry no. 14; FAC.) Shortly thereafter, Defendant filed the currently pending Motion to Dismiss and a declaration in which Alejandro declared facts concerning his residency in Puerto Rico and lack of contacts with New York State. (Motion to Dismiss; Alejandro Decl.) In their briefing on the Motion to Transfer, Plaintiffs assert that they had planned to seek limited jurisdictional discovery to ascertain these very facts, but, in light of the declaration, concede the issues of lack of personal jurisdiction and improper venue. (See Pls. MTV/MTD Opp. Mem. at 9-10 ("[I]n light of the recent and newly learned information set forth in [the Alejandro Declaration] . . . Plaintiffs will . . . accept as true . . . Defendant's representations and statements regarding his limited contacts with the State of New York and his residency in Puerto Rico." (emphasis in original)).) Defendant does not dispute this assertion.

       None of the foregoing facts clearly indicate bad faith or lack of diligence in pursuing the instant litigation in a proper forum, particularly where, as Plaintiffs argue, they were intending to seek limited jurisdictional discovery to determine "both the previously unknown location and residency of Defendant, as well as the extent of Defendant's contacts with New York state . . . including . . . whether Defendant may have drafted, circulated, or otherwise disseminated the defamatory post, content, and statements from the State of New York[.]" (Pls. MTV/MTD Opp. Mem. at 9; see also Pls. MTV Reply Mem. at 3 (". . . Plaintiffs, initially, brought this action in the Southern District of New York based upon the limited information available to Plaintiffs at the time, with neither specific information regarding Defendant's domicile or residency status nor information as to where Defendant was located when he made"

the allegedly defamatory statements).) As reiterated by the Second Circuit in Spar, Section 1406 was enacted to "avoid 'the injustice which has often resulted to plaintiffs from dismissal of their actions merely because they had made an erroneous guess with regard to the existence of some elusive fact of the kind upon which venue provisions often turn.'" Spar, Inc., 956 F.2d at 394 (citing Goldlawr, 369 U.S. at 466).

The Court is also mindful that this action, if dismissed, may be time-barred upon refiling in the District of Puerto Rico, given that the statute of limitations for tort actions is one year under the law of Puerto Rico, accruing "immediately upon the occurrence of the tortious act[,]" and the allegedly tortious conduct at issue in this case occurred sometime between September and November of 2023.[4] See Miller v. Louthan, No. 22-CV-01538-MAJ, 2024 WL 1230255, at *7 (D.P.R. Mar. 22, 2024) (citations omitted); (Complaint ¶¶ 30-42.) Dismissal, rather than transfer, could therefore "severely prejudice" Plaintiffs, depriving them of an opportunity to litigate their claims on the merits, Corke, 572 F.2d at 80, whereas transfer would impose minimal hardship on Defendant, see, e.g., Gibbons v. Fronton, 661 F. Supp. 2d 429, 436 (S.D.N.Y. 2009) (finding defendants would not be prejudiced by transfer to district in which defendants resided).

In sum, the Court finds that the transfer of this case to the District of Puerto Rico would be in the interest of justice.

## CONCLUSION

For the foregoing reasons, Plaintiffs' Motion to Transfer pursuant to 28 U.S.C. section 1406(a) is granted, and the Court need not address Defendant's Motion to Dismiss.

---

[4] See discussion supra n. 3 (noting that parties have not engaged in choice-of-law analysis to determine which body of law would govern Plaintiffs' claims upon transfer).

The Clerk of Court is respectfully directed to transfer this action to the United States District Court for the District of Puerto Rico, close this case, and terminate the unresolved motion on the records of this Court.

SO ORDERED.

Dated: New York, New York
February 7, 2025

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge